IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

       Plaintiff,

vs.                                                           No. 2:21-cv-01077-KWR-CG

FEDERAL BUREAU OF INVESTIGATION,
NATIONAL SECURITY ADMINISTRATION,
HOMELAND SECURITY, CURRY COUNTY
ADULT DETENTION CENTER, NORTHWESTERN
CORRECTIONAL FACILITY, LOS LUNAS LEVEL 3
FACILITY, DEPARTMENT OF CORRECTIONS,
HOBBS LEVEL 3 FACILITY, TRANSITION FOR
LIVING, CENTRAL NEW MEXICO CORRECTIONAL
FACILITY, SHAMROCK FINANCE, WELLS FARGO,

       Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the "Claim for Damage, Injury, or Death" (Doc. 1, Doc. 3 (redacted)) and Complaint for Violation of Civil Rights (Doc. 14) ("Complaint") filed by Plaintiff Myrtis Paulo Hart. The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, failure to comply with local rules, and failure to prosecute this proceeding.

This is one of the many cases Plaintiff Myrtis Paulo Hart has filed in this Court.[1] Plaintiff Hart filed his Complaint on November 5, 2021. (Doc. 1, Doc. 3 (redacted)). At the time of filing

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,* CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017

-1-

of the Complaint, Hart was incarcerated at the Curry County Adult Detention Center and named the Curry County Adult Detention Center, as well as six correctional facilities or agencies and three federal agencies as Defendants. (Doc. 1 at 1; Doc. 3 at 1 (redacted)). Hart's initial Complaint appears to be on a federal Tort Claims Act notice. Hart alleged that he was injured by Defendants "VIA FBI communication/broadcast that resulted in the Misdiagnosis and Malpractice at all jails/prisons listed as well as a multitude of civil rights violations." (Doc. 1 at 1; Doc. 3 at 1 (redacted)). He sought damages in the amount of $750 Million for property damage and personal injury. (Doc. 1 at 1; Doc. 3 at 1 (redacted)).

The Court determined that Plaintiff's Complaint was not in proper form. Plaintiff also did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiency on November 9, 2021, directing Plaintiff Hart to put his Complaint in proper form and either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 4). With the Order to Cure, the Court also provided Plaintiff with a form prisoner civil rights complaint and a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc.

---

MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY; *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v. Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF; *Hart v. WalMart*, CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

4 at 2). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 4 at 1).

Plaintiff Hart did not comply with the Court's November 5, 2021, Order. Plaintiff did file an application to proceed under 28 U.S.C. § 1915 and was granted leave to proceed *in forma pauperis.* (Doc. 12). However, he did not submit an amended complaint in proper form but, instead, filed the form civil rights complaint naming two additional private entity defendants, Shamrock Finance and Wells Fargo. (Doc. 14). Plaintiff then submitted a series of motions, including Motion of Non Response (Doc.15), Motion to Produce Discovery (Doc. 16), Motion for Speedy Trial (Doc. 18), and Motion to Produce and Perform Polygraph Tests on Defendants (Doc. 19).

Mail sent to Hart at his Curry County Adult Detention Center address was returned. (Doc. 17). Although Plaintiff Hart did not give any notice that his address had changed, the return address on the envelopes containing his subsequent motions indicated that they were mailed from Central New Mexico Correctional Facility. (See Doc. 19). The Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that Plaintiff had been released from Curry County Adult Detention Center, confirmed Plaintiff was incarcerated at Central New Mexico Correctional Facility, and changed Plaintiff's address of record to Central New Mexico Correctional Facility. Subsequently, mail sent to Plaintiff Hart in this and several of his other cases was returned as undeliverable. (Doc. 20, 21, 23).[2] A search of the New Mexico Department of Corrections records disclosed that Plaintiff has

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

now been released from the Central New Mexico Correctional Facility and is no longer in custody of the Department of Corrections.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Hart has failed to comply with D.N.M. LR-Civ. 83.6

Plaintiff has never submitted a complaint in proper form as ordered by the Court on November 9, 2021 (Doc. 4) and has failed to keep the Court advised of his correct mailing address. The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order of November 9, 2021, failure to comply with local rules, and failure to prosecute this proceeding.

**IT IS ORDERED:**

**(1)** the Motion of Non-Response (Doc.15), Motion to Produce Discovery (Doc. 16), Motion for Speedy Trial (Doc. 18), and Motion to Produce and Perform Polygraph Tests on Defendants (Doc. 19) filed by Plaintiff Myrtis Paulo Hart are **DENIED AS MOOT**; and

**(2)** the Claim for Damage, Injury, or Death (Doc. 1, Doc. 3 (redacted)) and Complaint for Violation of Civil Rights (Doc. 14) filed by Plaintiff Myrtis Paulo Hart are **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's November 9, 2021, Order, failure to comply with local rules, and failure to prosecute.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**